DAVID A. SUPER, ESQ.
D.C. Bar No. 429359
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
(202) 639-7700
(202) 639-1168 -- fax
david.super@bakerbotts.com

*Attorney for the Federal Deposit Insurance Corporation as Receiver for Silver State Bank*

ROBERT L. BRACE, ESQ.
Cal. Bar No. 122240
HOLLISTER & BRACE
A Professional Corporation
P.O. Box 630
Santa Barbara, CA 93102
(805) 963-6711
rlbrace@hbsb.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: SOUTHWEST EXCHANGE, INC. INTERNAL REVENUE SERVICE § 1031 TAX DEFERRED EXCHANGE LITIGATION | CASE NO. 2:07-CV-01394-RCJ-LRL<br>MDL NO. 1878<br><br>**FINAL ORDER AND JUDGMENT OF DISMISSAL** |

On  08/02/2010 , a hearing was held before this Court to determine (i) whether the terms and conditions of the Settlement Agreement between Plaintiffs Howard J. Hawks Trust UTA Dated November 1, 1991, SCCAA Holdings LLC, Jon R. Sorrell, Marie L. Sorrell, L.A. Bowden d/b/a Bowen-Leavitt Real Estate, Inc., James R. Franklin, Franklin Revocable Trust, Glen Larsen, Jeff Baker, Katherine Baker, Jerry A. Bendorf, Patricia A. Bendorf, Bendorf 1995 Family Trust, Meldrum Trust Meldrum Family Trust (collectively, "Plaintiffs"), and the Federal Deposit Insurance Corporation, as Receiver for Silver State Bank ("FDIC-Receiver"), is fair reasonable and adequate for the settlement of all claims released therein by all releasing persons against all released persons and

should be approved; and (ii) whether Judgment should be entered dismissing the above entitled action and with prejudice in favor of the FDIC-Receiver. The Settlement Agreement is incorporated herein by reference.

The Court considered all matters submitted to it at the hearing and otherwise.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this dispute, Plaintiffs, and FDIC-Receiver.

2. The above entitled action is hereby dismissed with prejudice as against SSB and FDIC-Receiver and without any other person's costs, expenses, or attorneys' fees to be paid by SSB or FDIC-Receiver. All Plaintiffs are hereby permanently barred and enjoined from instituting, commencing, or prosecuting any and all released claims (as set forth in the Settlement Agreement) against SSB and FDIC-Receiver, including unknown claims. The released claims (as set forth in the Settlement Agreement) are hereby compromised, settled, released, discharged, and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Final Order and Judgment.

3. To the fullest extent permitted by law, Plaintiffs shall not be permitted to bring a claim against SSB or FDIC-Receiver, in any way, directly or indirectly, based on, arising from, referable to, or related to any alleged damages incurred or allegedly incurred, pertaining to or arising from, in any way, directly or indirectly, (a) the failure of Southwest Exchange, Inc. or Qualified Exchange Services, Inc., including their subsidiaries or affiliates, or (b) any of the events, acts, or conduct alleged in (i) the above entitled action, (ii) the action entitled <u>In re: Receivership of Southwest Exchange, Inc. and Consolidated Litigation</u>, Case No.: 07-A-535439-B, pending in the Eighth Judicial District Court, Clark County, Nevada, or (iii) the action entitled <u>Napa Valley I, LLC, et al. v. Federal Deposit Insurance Corporation, as Receiver/Liquidator of Silver State Bank</u>, Case No. 2:09-cv-00920-RLH-GWF (D. Nev.).

4. The Court retains jurisdiction over matters relating the Settlement Agreement, including the administration and enforcement of the Settlement Agreement and this Final Order and Judgment.

5. The Court has determined that there is no just reason for delay in entering this Final Order and Judgment and hereby enters this Final Order and Judgment as a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

Dated: 08/03/2010

_____
Honorable Robert C. Jones
United States District Judge

1