Gisele Goetz (CA Bar No. 119751)
**HOLLISTER & BRACE**
200 East Carrillo Street, Suite 100
Santa Barbara, CA 93101
Telephone: (805) 963-6711
Email: gmgoetz@hbsb.com

*Attorneys for Sorrell Plaintiffs and
the Settlement Class*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: SOUTHWEST EXCHANGE INC., INTERNAL REVENUE SERVICE § 1031 TAX DEFERRED EXCHANGE LITIGATION<br><br>Sorrell, et al. v. Southwest Exchange, Inc., et al. | MDL Docket No. 1878<br>Case No. 2:07-cv-01394-MMD-GWF<br><br>**ORDER AUTHORIZING: DISTRIBUTION OF FUNDS RECOVERED FROM DEFENDANT KINCAID TO CLASS MEMBERS; PLAN OF DISTRIBUTION; ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS** |

WHEREAS, on February 23, 2009, the Court approved the "Lloyd's/Greenwich Wave III Settlement Agreement" (the "Settlement Agreement") (Docket No. 160), whereby Defendant Kincaid agreed to pay $1,200,000 to Plaintiffs, consisting of both the Federal "Class members" and those individual Plaintiffs who opted out of the Class and filed individual actions in Nevada state court, the so-called "Opt-outs";

WHEREAS, pursuant to the terms of the fee agreements entered into by Interim Class Counsel Hollister & Brace ("H&B"), and each of its 54 clients, H&B requested the Court to

award attorneys' fees equal to 25% of the Settlement Class's net settlement funds (gross portion of the settlement funds allocable to the Class less approved litigation costs), to H&B (Docket No. 138);

WHEREAS, the Court awarded H&B the requested 25% of the net settlement funds, which was to include net funds actually recovered from Defendant Kincaid, and ordered reimbursement of litigation costs (Docket No. 157);

WHEREAS, because Defendant Kincaid only paid $500,000 of the $1,200,000 she owed under the Settlement Agreement, in March 2010, H&B pursued a Judgment against Kincaid for Breach of the Settlement Agreement. On April 22, 2019 this Court entered Judgment against Defendant Kincaid (Docket No. 243) in the amount of $296,940—the unpaid balance of the portion of the $700,000 in unpaid Settlement funds owed to the Class members of Wave III (42.42%);

WHEREAS, on February 4, 2011, the Court approved an intercreditor agreement whereby the Class appointed H&B to pursue post judgment remedies to enforce the Kincaid Judgment (Docket No. 278);

WHEREAS, H&B, as counsel for the Class in pursuit of the Kincaid Judgment, H&B recorded the Kincaid Judgment against any property Defendant Kincaid might own in Nevada;

WHEREAS, the Court dismissed the Federal Court Action on April 26, 2013 retaining jurisdiction to enforce its previous orders (Docket No. 296);

WHEREAS, in 2016, Larry Bertsch, the Court-appointed Receiver (see Docket No. 13), who was authorized to distribute settlement funds in both this case (see Docket No. 101) and the Nevada state court action styled *In Re: Receivership of Southwest Exchange Inc. and Consolidated Litigation*, Case No. 07-A-53549-B, was instructed by a Nevada state court to distribute the final remaining funds in the QSF as follows: distribute on a pro rata basis the funds remaining in the receivership estate after payment of the Receiver's fees and his counsel's fees; each member had 90 days after issuance of a check in which to negotiate it. After that 90-day period, any outstanding funds were to be divided equally between Legal Aid Center of S. Nevada

and the Senior Citizens Law Project (after resolution of any remaining claim for expenses by the Receiver);

WHEREAS, consistent with its obligations to pursue remedies if any, against Kincaid, H&B continued to renew the Kincaid Judgment in Nevada, on February 3, 2016 in the amount of $304,533 (Docket No. 300), and directed Cook & Kelesis to renew the Kincaid Judgment on January 18, 2022 in the amount of $312,515.16 (Docket No. 301);

WHEREAS, Receiver Larry Bertsch died in 2023;

WHEREAS, in September 2023, Kincaid opened escrow on the sale of her property in which she held a 50% interest in Nevada against which the Class Judgment was recorded. As the attorney for the Class, H&B demanded and received payment of the amount of the Judgment at the time of closing plus accrued interest in the total amount of $314,817.64, in full satisfaction of the Class Judgment;

WHEREAS, the recovered funds are currently in a client trust account held by H&B;

WHEREAS, H&B has filed a Motion requesting an order authorizing a proposed plan of distributions to class members of funds recovered from defendant Betty Kincaid including (1) distribution of funds recovered from defendant Kincaid by Hollister & Brace; (2) payment of attorneys' fees and reimbursement of costs to Hollister & Brace in the amount of $73,225.52 and $6,111.90 respectively for pursuit of the judgment plus an additional $10,000.00 for the future work involved in distributing the funds to the Class, all together totaling $89,337.42, and (3) payment of undistributed funds to charity per the *cy pres* doctrine; and

WHEREAS, the Motion is supported by the Declaration of Gisele Goetz, and by the supporting evidence attached to the declaration;

NOW THEREFOR, based upon the submissions of the parties, the pleadings on file, the arguments of counsel and the lack of objection by parties to this litigation or any other interested parties, the Court hereby GRANTS H&B's Motion to distribute the funds recovered from Defendant Kincaid in accordance with the procedures followed by the Receiver during the final QSF distribution in 2016 and GRANTS H&B's request for reimbursement of H&B's costs, and the payment of attorneys' fees from the recovered funds.

The Court hereby FINDS that the Class Counsel fee request is fair, reasonable and appropriate. It is hereby ORDERED, ADJUDGED and DECREED that

1. H&B retain the total of $79,337.42 of the funds recovered from Defendant Kincaid as H&B's fees and reimbursable costs for pursuit of and recovery of the judgment;

2. H&B retain $10,000.00 to make distributions of the remainder of the funds to the Class Members;

3. That, as soon as practicable, H&B shall distribute the remaining portion of funds recovered from Defendant Kincaid after the payment of the approved fees and costs ($89,337.42) to the Settlement Class Members on a pro-rata basis, consistent with the percentages provided by the Receiver's office.

4. That the checks shall be mailed to the last known addresses of the Settlement Class Members as provided by the Receiver's office, unless H&B is the recipient of updated information in advance of the mailing;

5. The Class shall have 90 days from the date of mailing to negotiate their checks.

6. Any funds which have not been negotiated or which are returned shall be distributed one half to Legal Aid Center of Southern Nevada and one half to the Legal Aid Foundation of Santa Barbara County.

7. As soon as practicable, H&B shall submit an accounting to the Court demonstrating that the distribution of the funds recovered pursuant to the Kincaid Judgment was accomplished in conformity with this Order.

**IT IS SO ORDERED.**

DATED THIS 17th Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE